UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                          Case No. 8:04-cr-348-T-24 TGW

KEVIN McMAHON

_____/

**ORDER**

This cause comes before the Court on Defendant Kevin McMahon's Motion for Separate Trials and to Sever Indictment. (Doc. No. 336).

**I. Background**

Defendant McMahon is named in Count One (RICO conspiracy) in a four-count indictment charging seven defendants with involvement in a RICO conspiracy and various Hobbs Act violations. In the instant motion, Defendant McMahon requests that the Court sever Count One from Counts Two, Three, and Four (extortion and conspiracy to commit extortion counts) and sever his trial from his co-defendants, pursuant to Federal Rule of Criminal Procedure $8^1$ and $14^2$. For the reasons stated below, the Court denies this motion.

**II. Severing Counts**

Defendant McMahon requests that the Court sever Counts Two through Four (the extortion counts) from the indictment and trial of Count One, RICO conspiracy. Defendant

---

[1] Federal Rule of Criminal Procedure 8 provides that an indictment: (1) may charge a defendant in separate counts with two or more offenses if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan; and (2) may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

[2] Federal Rule of Criminal Procedure 14 provides that if the joinder of offenses or defendants in an indictment for trial appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

McMahon argues that the acts alleged in the extortion counts do not appear to be associated with the RICO conspiracy count, and as such, severance is proper. In response to similar motions made by co-defendants, the Government has stated that the proof at trial will establish that the extortion counts are related to and part of the overall RICO conspiracy, and that all of the counts will involve the same presentation of evidence to the jury. As such, the Government has argued that all of the counts are properly joined under Federal Rule of Criminal Procedure 8(a).

The Court agrees with the Government on this issue. Upon review of the indictment, the Court finds that the extortion counts and the RICO conspiracy count are connected with or constitute parts of a common scheme or plan. As such, the Court finds that all of the counts are properly joined under Rule 8(a).

Next, Defendant McMahon argues that even if the extortion counts are part of the same scheme or plan as the RICO conspiracy count, inclusion of the extortion counts in the indictment and trial of the RICO conspiracy count will prejudice Defendant McMahon through the confusion presented by trying a RICO conspiracy and the substantive predicate acts together. The Court rejects this argument and finds that Defendant McMahon has not shown that he will be prejudiced by the joinder. Furthermore, the Court finds that any such prejudice can be alleviated through curative instructions to the jury. Therefore, the Court denies Defendant McMahon's motion on this issue.

Additionally, Defendant McMahon argues that since his only alleged role in the RICO conspiracy consists of his involvement in two ten-year-old robberies, he cannot receive a fair trial unless the charges against him are separated from the extortion counts. The Court rejects this argument and finds that Defendant McMahon has not shown that he will not receive a fair trial if all of the counts are tried together.

Defendant McMahon also argues that since the indictment alleges numerous predicate offenses that may not involve him, there is a risk that jurors will confuse the complicated relationship between a RICO conspiracy and its predicate acts and separate substantive offenses.

Again, the Court rejects Defendant McMahon's argument of jury confusion and finds that any such prejudice can be alleviated through curative instructions to the jury. See U.S. v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004)(stating that there is a "strong presumption . . . that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered").

### III.  Severing Defendants

Defendant McMahon argues that his trial should be severed from that of his co-defendants.  Specifically, Defendant McMahon contends that Defendants Trucchio and Alite are alleged to have connections to the Gambino Crime Family.  Defendant McMahon argues that he would be unduly prejudiced by any reference to the Gambino Crime Family.  In response to similar motions filed by other defendants, the Government has stated that it intends to show that each of the named conspirators had connections to the Gambino Crime Family.  As such, the Court rejects Defendant McMahon's argument on this issue.  However, even assuming arguendo that references to the Gambino Crime Family would be inadmissible as to Defendant McMahon, the Court finds that Defendant McMahon would be entitled only to a curative instruction, because the Court finds that references to the Gambino Crime Family would not prevent the jury from making a reliable judgment about Defendant McMahon's guilt or innocence.  See id. (stating that unless there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or would prevent the jury from making a reliable judgment about guilt or innocence, defendants prejudiced by a joint trial are entitled only to curative instructions).

Defendant McMahon also argues that his trial should be severed from his co-defendants under Blakenship's "reliable judgment" exception. "The 'reliable judgment' exception . . . applies in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt

or innocence of each defendant independently." Id. at 1124 (citation omitted). The Court rejects this argument and finds that the "reliable judgment" exception does not apply in this case.

Defendant McMahon also argues that severance is required because his alleged crimes are significantly different from those of his co-defendants. The Court rejects this argument, as Defendant McMahon has not shown that he is prejudiced by the joinder of the co-defendants at trial.

Additionally, Defendant McMahon argues that Defendant Scaglione operated as a confidential informant for the FBI during a period of the alleged conspiracy. Defendant McMahon argues that his right to call Defendant Scaglione as a witness or to cross-examine him will be in direct conflict with Defendant Scaglione's privilege against self incrimination. As such, Defendant McMahon argues that his trial should be severed from that of Defendant Scaglione.

In order obtain severance in order to call Defendant Scaglione to testify at a separate trial, Defendant McMahon must show: (1) a bona fide need for the testimony, (2) the substance of the desired testimony, (3) the exculpatory effect of the desired testimony, (4) and that Defendant Scaglione will testify at a separate trial. See U.S. v. Johnson, 713 F.2d 633, 640 (11th Cir. 1983)(citations omitted). Defendant McMahon, however, has not made the requisite showing, and as such, the Court denies his motion as to this issue.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Kevin McMahon's Motion for Separate Trials and to Sever Indictment (Doc. No. 336) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

4