UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                            Case No.  8:04-cr-348-T-24 TGW

KEVIN McMAHON

_____/

## ORDER

This cause comes before the Court on Defendant Kevin McMahon's Motion to Change Venue.  (Doc. No. 342).  The Government opposes this motion.  (Doc. No. 360).

Defendant McMahon is named in Count One (RICO conspiracy) of a four-count indictment charging seven defendants with involvement in a RICO conspiracy and various Hobbs Act violations.  In this motion, Defendant McMahon requests that the Court transfer Count One of the Superceding Indictment as to Defendant McMahon to the Eastern District of New York.  Specifically, Defendant McMahon argues that his inclusion in the RICO count is due to his alleged role in two robberies that occurred in New York and New Jersey and that his ability to present a proper defense in this district is substantially impeded; therefore, he requests that this case be transferred pursuant to Federal Rule of Criminal Procedure 21(b).  The Court rejects his argument.

Federal Rule of Criminal Procedure 21(b) provides : "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice."  The burden is on the defendant to justify the transfer.  U.S. v. Stickle, 355 F. Supp.2d 1317, 1321 (S.D. Fla. 2004)(citation omitted).  At the outset, the Court notes the Government's argument that Defendant McMahon's motion to transfer is untimely, since it comes five months after arraignment.  See U.S. v. Kopituk, 690 F.2d 1289, 1321 n.29 (11th Cir. 1982); Cagnina v. U.S., 223 F.2d 149, 154 (5th Cir. 1955).  However, the Court will address the substance of the motion.

Defendant McMahon contends that in evaluating this motion, the Court should consider the following factors referred to in Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240 (1964): the location of the defendants; the location of possible witnesses; the location of events likely to be at issue; the location of documents; potential disruption of a defendant's business; expenses to the parties; location of counsel; relative accessibility of the place of trial; the docket condition of each district involved, and any other special factors which might affect transfer. This Court notes at the outset that it does not appear that the Supreme Court in Platt was endorsing those factors as guidelines to be followed in evaluating a motion to transfer, as the appropriateness of those factors was not the issue in the Platt case. See id. at 772; see also U.S. v. Luk, 1994 WL 125221, at *3 (M.D. Fla. Feb. 11, 1994).

However, even considering the Platt factors, the Court finds that the motion should be denied despite Defendant McMahon's many arguments in support of his contention that the charge against him should be tried in the Eastern District of New York. The Court has considered his arguments and has found that Defendant McMahon has not met his burden under Rule 21(b). A criminal defendant does not have a right to be tried in his place of domicile. See Luk, 1994 WL 125221 at *3 (citation omitted). Additionally, two of the defendants charged in Count One (Catalano and Scaglione) live in Florida, and a substantial amount of the racketeering activity alleged in Count One occurred in the Middle District of Florida. The Government represents that numerous witnesses it intends to call at trial live in Florida and that all of the tangible evidence is located in the Middle District of Florida.

Furthermore, if the Court were to allow the charge against Defendant McMahon to be tried in the Eastern District of New York, such would require a severance of the co-defendants and the charges in this case. The Court has already found that a severance of co-defendants and charges is not warranted in this case. There is a preference for joint trials of defendants who are indicted together, since joint trials promote efficiency and judicial economy. See Zafiro v. U.S., 506 U.S. 534, 537 (1993). Allowing the charge against Defendant McMahon to be tried in the

Eastern District of New York would result in the expense of separate trials and would not be in the interests of justice.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Kevin McMahon's Motion to Change Venue (Doc. No. 342) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 30th day of January, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record