UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                               Case No.  8:04-cr-348-T-24 TGW

KEVIN McMAHON

_____/

## ORDER

This cause comes before the Court on Defendant Kevin McMahon's Motion to Dismiss for Pre-Indictment Delay.  (Doc. No. 335).  The Government opposes the motion.  (Doc. No. 361).

Defendant McMahon is named in Count One of a four-count superseding indictment, which was filed on June 29, 2005.  Count One of the superseding indictment charges all seven defendants with involvement in a RICO conspiracy.  Defendant McMahon contends that he has been included in the RICO count due to his alleged role in two robberies that occurred in New York and New Jersey in 1995.  As a result, Defendant McMahon argues that the Government's ten-year delay in indicting him has substantially prejudiced his ability to defend against the charge against him, and therefore, the Court should dismiss Count One of the superseding indictment as to Defendant McMahon.

In order to dismiss the charge against Defendant McMahon for pre-indictment delay, Defendant McMahon must show "that pre-indictment delay caused him actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage."  U.S. v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996).  Defendant McMahon has not made this showing.

Defendant McMahon has not shown that the delay caused him actual substantial prejudice.  Instead, Defendant McMahon has made vague assertions that potential exculpatory witnesses have relocated or died.  The only specific witness identified by Defendant McMahon

is the owner of a New York business who has died within the last year; however, Defendant McMahon does not allege why the witness would have given exculpatory evidence or what that evidence would have been.  See U.S. v. Corbin, 734 F.2d 643, 648 (11th Cir. 1984)(stating that the defendants did not show actual prejudice since they did not do more than list the names of prospective witnesses who had died, but did not indicate what the witnesses would have testified to).  Furthermore, Defendant McMahon has made no showing that the delay was the product of a deliberate act by the Government designed to gain a tactical advantage.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Kevin McMahon's Motion to Dismiss for Pre-Indictment Delay (Doc. No. 335) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 30th  day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record