UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                Case No.  8:04-cr-348-T-24 TGW

KEVIN McMAHON

_____/

## ORDER

This cause comes before the Court on Defendant McMahon's Renewed Motion for Judgment of Acquittal and Motion for New Trial.  (Doc. No. 634).  The Government opposes the motion.  (Doc. No. 642).

**I.  Standard of Review for Motion for Judgment of Acquittal Pursuant to Rule 29**

Federal Rule of Criminal Procedure 29 provides for a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  When a defendant moves for a judgment of acquittal pursuant to Rule 29, the court must review the evidence in the light most favorable to the Government and must deny the motion "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt."  U.S. v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005)(citations omitted).  Under Rule 29, "[a]ll reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict."  Id. (citation omitted).

**II.  Standard of Review for Motion for a New Trial Pursuant to Rule 33**

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires."  In determining whether to grant the motion, the Court must carefully weigh the evidence and may assess the credibility of the

witnesses.  See U.S. v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005)(citations omitted); U.S. v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)(citations omitted).  If after weighing the evidence and assessing the credibility of witnesses the Court concludes that, "'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred,'" the Court may set aside the verdict and grant a new trial.  Martinez, 763 F.2d at 1312 (quoting U.S. v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)).

**III.  Discussion**

On November 29, 2006, a jury found Defendant McMahon guilty of conspiracy to conduct or participate in the conduct of an enterprise either through a pattern of racketeering activity or through the collection of an unlawful debt.  (Doc. No. 623).  Defendant McMahon was alleged to have been part of a crew led by Defendant Alite, acting under the authority of Defendant Trucchio, operating under the control of the Gambino crime family.

Defendant McMahon now moves for a judgment of acquittal or for a new trial, making the same arguments that he made during trial when he sought a judgment of acquittal, namely that (1) the evidence failed to establish that Defendant McMahon agreed to the Alite conspiracy or that Defendant McMahon committed two or more predicate acts on behalf of the conspiracy; (2) the evidence instead established that Defendant McMahon's alleged predicate acts were committed on behalf of a separate and distinct crew; (3) Defendant McMahon was tried in an improper venue; and (4) the Court erred in failing to give a jury instruction regarding the statute of limitations defense.  The Court has already considered and rejected these arguments, and Defendant McMahon still has not shown that he is entitled to a judgment of acquittal, nor has he

shown that he should be given a new trial.

Additionally, Defendant McMahon argues that he is entitled to a new trial should the Court find that he suffered prejudice as a result of juror misconduct. In arguing juror misconduct, Defendant McMahon relies on Defendant Trucchio's motion requesting that the Court conduct an evidentiary hearing regarding juror misconduct during the juror deliberations. In its order denying Trucchio's motion (Doc. No. 652), the Court found that Defendant Trucchio had not made a colorable showing of juror misconduct and therefore was not entitled to an evidentiary hearing. Therefore, the Court finds that Defendant McMahon has not shown that he has suffered prejudice as a result of any juror misconduct.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant McMahon's Renewed Motion for Judgment of Acquittal and Motion for New Trial (Doc. No. 634) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of January, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record